**Virgil MURPHY, Plaintiff-Appellee,**

v.

**Grover BAKER, Defendant-Appellant.**

**No. 17406.**

United States Court of Appeals
Sixth Circuit.

June 26, 1967.

Raymond C. Stephenson, Louisville, Ky., Paul M. Lewis, Elizabethtown, Ky., on brief, for appellant.

John L. Bennett, Louisville, Ky., Joe H. Taylor and Hogan, Taylor, Denzer & Bennett, Louisville, Ky., on brief, for appellant.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The sole question presented on this appeal is whether the district judge erred in granting a directed verdict against Grover Baker, defendant-appellant, on the issue of liability. Virgil Murphy, plaintiff-appellee, brought the action in the United States District Court for the Western District of Kentucky, at Louisville, to recover damages sustained in an automobile collision alleged to have been caused by negligence of the defendant-appellant. The parties will be referred to as plaintiff and defendant, as they were in the District Court.

The collision occurred at about 1 p. m., on September 20, 1964, at the intersection of highway 31 W and Kentucky Parkway in Kentucky. Highway 31 W runs in a general north and south direction, and Kentucky Parkway runs east and west, terminating on the west side of highway 31 W. Kentucky Parkway is a four-lane highway with two eastbound travel lanes. Highway 61 is a two-lane highway running in an easterly direction, from the east side of highway 31 W. There was a flashing yellow and red light at the intersection, flashing yellow for north and south-bound traffic on highway 31 W and red for east-bound traffic on Kentucky Parkway. There was a gasoline filling station at the southeast corner of the intersection. The defendant was facing east on the right shoulder of Kentucky Parkway with the intention of crossing highway 31 W and entering the filling station. The plaintiff was traveling south on highway 31 W.

The district judge described the collision in his statement to the jury directing the verdict which is as follows:

"Members of the jury, as you are aware, both parties have concluded the evidence in this case and upon conclusion of the evidence and in chambers

the plaintiff has made a motion for a directed verdict and that motion has been sustained by the Court. That is my responsibility, and it's not yours. I've held as a matter of law that the defendant was negligent and that his negligence was the cause of this accident.

"You have heard the testimony. The defendant, Mr. Baker, drove up to the Highway 31 W, pulled over to the right on the shoulder, leaving the two lanes that are eastbound open; two other cars drove up in each of those lanes and came to a stop, so there were three cars in a row. When the other two cars pulled out, they turned left to go north on 31 W and at the same time Mr. Baker testified he pulled out into the intersection and when he got to the center of the intersection he brought his car to a halt, and it was at that time that he first noticed the plaintiff's car approaching from the north and he immediately tried to reverse his truck and get out of the way, but there wasn't sufficient time to do it.

"That constitutes negligence on the part of the defendant. He should not have moved out in this highway until the west-bound lane going south was clear and he could see whether or not there was any automobile traveling south upon it.

"Therefore, the only issue left for the determination of this jury is the amount of damages if any, that were sustained by this plaintiff in this accident."

We agree that the defendant was guilty of negligence as a matter of law and that his negligence was the cause of the collision. It is alleged in the defendant's answer that the plaintiff's injuries and damages "would not have occurred and could not have been sustained but for the negligence on the part of the plaintiff upon the occasion of this accident." While no specific charge of negligence is made against the plaintiff, counsel for the defendant argues that there was evidence of negligence on the part of the plaintiff which could have contributed to the cause of the accident and which should have been submitted to the jury.

From our examination of the record, we find no evidence from which the jury could have found the plaintiff guilty of negligence contributing to the cause of the collision. As a general rule we do not favor directed verdicts in favor of the plaintiff, but in this instance we find no prejudicial error on the part of the district judge.

The judgment of the District Court is affirmed.